SANTANA ET AL., DEMANDANTES Y APELADOS, *v.* FUENTES ET AL.,
DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao
en pleito sobre nulidad de subasta.

No. 2848.—Resuelto en marzo 23, 1923.

COSTAS CIVILES—DISCRECIÓN PARA IMPONER COSTAS.—En el presente caso el
demandado formuló excepción previa y habiéndosele concedido término para
contestar, no compareció.    Imputado abuso de discreción a la sentencia
que condenó en costas al demandado, *se resolvió:* que en una cuestión
como esta la discreción es prácticamente inatacable.    *Zorrilla* v. *Orestes,*
28 D. P. R. 750.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. F. González.*

Abogado de los apelados: *Sr. R. López Antongiorgi.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

El único fundamento de error es que la corte inferior
abusó de su discreción al imponer las costas a un deman-

dado. Este había formulado excepción previa a la demanda y habiéndosele concedido un término para contestar no compareció. Para atacar la concesión de costas decretada en esta acción, el demandado y apelante cita el caso de *Zorrilla* v. *Orestes,* 28 D. P. R. 750.

En ese caso el demandado formuló primero excepción previa y al ser desestimada ésta se sometió a la sentencia y la corte se negó a conceder costas al demandante. Resolvimos en efecto, que el demandado en dicho caso había presentado fundamentos meritorios de excepción previa, y fundados en parte en esta razón, rehusamos expresar que la corte inferior había abusado de su discreción al no considerar culpable de temeridad al demandado. Pero el fundamento principal de esa decisión fué que la corte tenía discreción al apreciar el grado de temeridad. Si en ese caso la corte hubiera concedido costas, nosotros probablemente no hubiéramos modificado la sentencia. En una cuestión como esta la discreción es prácticamente inatacable. La cuantía de los honorarios es asunto distinto, pero el caso no ha llegado a ese punto.

Hubo hechos en este caso de los cuales la corte tenía derecho a concluir que el demandado fácilmente pudo haber sabido que la finca que había comprado en la subasta no era necesaria para satisfacer la sentencia que entonces existía contra el actual demandante que estableció acción para anular la parte innecesaria de la venta en ejecución. Pero el presente demandado trató de impedir que se dictara sentencia por virtud de una excepción previa.

Bajo cualquier circunstancia no encontramos ningún abuso de discreción y debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Hutchison y Franco Soto.

El Juez Asociado Sr. Aldrey no intervino en la resolución de este caso.